**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 98-10170**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**MARSHA CUNNINGHAM,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CR-263-2-R)

---

June 27, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Marsha Cunningham ("Cunningham") appeals from the judgment and sentence entered by the United States District Court for the Northern District of Texas, Chief Judge Jerry Buchmeyer, presiding. Cunningham was convicted, along with co-defendant Phillip Christopher Foote, on three counts of possession with intent to distribute both cocaine and cocaine base in violation of 21 U.S.C.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

§§ 841(1)(1) and 2, and she was also convicted on one count of maintaining a building for the purpose of manufacturing cocaine and cocaine base in violation of 21 U.S.C. §§ 856(a)(1) and 2.

Cunningham first argues in this appeal that the evidence presented was insufficient to support the jury's verdict as to Counts One through Four, that is -- the three counts of possession with the intent to distribute cocaine and cocaine base, in violation of  21 U.S.C. §§ 841(a)(1) and 2, and the one count of maintaining a building for the purpose of manufacturing cocaine and cocaine base in violation of 21 U.S.C. §§ 856(a)(1) and 2. Specifically, Cunningham contends that the government did not adequately prove that she "knowingly" possessed with the intent to distribute the cocaine and cocaine base or that she sought by her own actions to make such a criminal venture succeed.  She also contends that the government failed to prove that she "knowingly" opened, maintained, or aided the opening or maintenance of a cocaine manufacturing facility.

Our standard of review for sufficiency of evidence claims is whether, after viewing the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See **United States v. Jones***, 185 F.3d 459, 464 (5th Cir. 1999)(*citing **Jackson v. Virginia***, 443 U.S. 307, 317-18, 99 S. Ct. 2781 (1979)); **United States v. Mulderig**, 120 F.3d 534, 546 (5th Cir. 1997), *cert. denied,* 118 S. Ct. 1510 (1998).

In her second issue, Cunningham contends that the district court erred in not granting her motion to sever the trials of Foote and herself. In spite of an admitted preference for trying defendants indicted together in joint trials, Cunningham contends that severance should have been granted in this case because a specific and compelling prejudice resulted in an unfair trial, as failure to grant severance prohibited Foote from offering exculpatory testimony on Cunningham's behalf. This basis for severance was presented for the first time on appeal, and is thus subject to review only for plain error. *See **United States v. Calverley***, 37 F.3d 160, 162 (5th Cir. 1994)(en banc), *abrogated on other grounds,* **United States v. Johnson**, 520 U.S. 461 (1997). In Foote's original motion for severance, in which Cunningham joined, the basis for severance argued was mutually antagonistic defenses. On appeal, however, Cunningham argues that had the trials been severed, Foote would have provided exculpatory testimony at her trial.

Having carefully reviewed each of the issues presented by Appellant and having fully considered the briefs, the record excerpts, the record, and the arguments presented at oral argument, we are persuaded that the judgment of the district court should be and the same is hereby AFFIRMED.